# Third District Court of Appeal
## State of Florida

Opinion filed May 7, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D23-0595; 3D23-1463; 3D24-0667 & 3D24-1531
Lower Tribunal No. 12-32510

_____

**Anthony Davide,**
Appellant,

vs.

**AD Capital Collections, LLC,**
Appellee.

Appeals from the Circuit Court for Miami-Dade County, Carlos Guzman and Mavel Ruiz, Judges.

Moreno Perdomo, PLLC, and Gino Moreno and Arlenys Perdomo, for appellant.

Sequor Law P.A., and Gregory S. Grossman and Jennifer Mosquera, for appellee.

Before LOGUE, C.J., and SCALES and LOBREE, JJ.

LOGUE, C.J.

Anthony Davide appeals, among other things, the final summary judgments of garnishment entered against two of his self-directed individual retirement accounts. As to the first account, the trial court found that Davide engaged in prohibited transactions in 2016, as defined in 26 U.S.C. § 4975(c) of the Internal Revenue Code, that benefited "disqualified persons" as defined in 26 U.S.C. § 4975(e)(2), namely Davide's wife and children. As a result, Davide's IRA "cease[d] to be an individual retirement account as of the first day of such taxable year." 26 U.S.C. § 408(e)(2)(A).  Therefore, in 2016, due to the "prohibited transactions," this account lost its exemption from creditor claims afforded by section 222.21(2)(a), Florida Statutes. As to Davide's second account, the trial court found Davide funded the second account with funds from the first account after the first account lost its exempt status in 2016, and therefore, the second account also lost its exempt status.

We have carefully reviewed the arguments raised by Davide and find no error warranting reversal. See In re Moore, 640 B.R. 397, 406 (Bankr. S.D. Ohio 2022) ("IRA owners run afoul of § 4975 when they attempt to circumvent taxes or otherwise engage in some form of self-dealing, whether through a direct or indirect transfer.").

Affirmed.